**Franklin D. BAXTER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 07–35626.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2009.

Filed March 6, 2009.

Max Rae, Salem, OR, for Plaintiff–Appellant.

Joanne E. Dantonio, Esquire, Willy Le, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, Seattle, WA, Neil Evans, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: PAEZ and RAWLINSON, Circuit Judges, and COLLINS,* District Judge.

## MEMORANDUM **

Franklin Baxter appeals from the judgment affirming the Commissioner of Social Security's final decision to deny his application for disability insurance benefits under Title II of the Social Security Act. The Social Security regulations establish a five-step inquiry to determine whether a claimant is entitled to benefits, 20 C.F.R. § 404.1520(a), and Baxter contests the administrative law judge's ("ALJ") findings at Steps Four and Five. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reverse and remand for further proceedings.

■ At Step Four, the ALJ is required to determine the claimant's residual functional capacity ("RFC"). *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1199 (9th Cir. 2008). Where a treating physician's RFC assessment is uncontradicted by the opinion of another physician, the ALJ must provide clear and convincing reasons for rejecting the treating physician's opinion. *Id.* at 1198; *see Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008). Here, the ALJ rejected the Medical Source Statement ("MSS") of Baxter's treating physician, Dr. Eliason, because he found that the statement was unsupported by the medical evidence and by Baxter's own self-reports. Dr. Eliason's treatment notes and Baxter's self-reports, however, are consistent with the functional limitations described in Dr. Eliason's MSS. Thus, we hold that the ALJ failed to provide clear and convincing reasons for his wholesale rejection of the MSS.

■ Second, we conclude that substantial evidence does not support the ALJ's rejection of Baxter's symptom testimony. *See Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir.1991) (en banc) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). Once the underlying impairment is established, the claimant's testimony regarding the severity of the symptom cannot be rejected absent clear and convincing reasons that are supported by substantial evidence. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).

■ Baxter's testimony, which the ALJ found generally credible, is consistent with Dr. Eliason's MSS and with the medical evidence as a whole. Therefore, substantial evidence does not support the ALJ's decision to discredit Baxter's symptom testimony. Moreover, because the ALJ rejected Baxter's wife's testimony regarding Baxter's symptoms for the same reasons he rejected Baxter's own testimony, and because Baxter's wife's testimony did not conflict with the medical evidence any more than did Baxter's testimony, substantial evidence does not support the ALJ's rejection of Mrs. Baxter's testimony. *See Lewis v. Apfel,* 236 F.3d 503, 510–511 (9th Cir.2001) (noting that lay testimony may be discounted where it conflicts with medical evidence).

Because none of the ALJ's reasons supported his decision to reject Dr. Eliason's MSS or to discredit Baxter's symptom testimony and the testimony of his wife, the ALJ must reassess Baxter's residual functional capacity at Step Four. The ALJ should then proceed to Step Five to determine whether Baxter is disabled. Plaintiff–Appellant shall recover his costs on appeal.

REVERSED and REMANDED for further proceedings consistent with this disposition.

RAWLINSON, Circuit Judge, concurring:

I concur in the result remanding this case because, and only because, the Administrative Law Judge gave *no* weight to the medical source statement prepared by the claimant's treating physician. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001) (holding that generally the "treating physician's medical opinion ... must be weighted") (citations omitted).